FILED'11 APR 06 15:10USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEFFREY L. CALDWELL,                          Civil No. 10-250-AA
                                              OPINION AND ORDER
            Plaintiff,

      vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

            Defendant.
_____

Merrill Schneider
Schneider Law Offices
P.O. Box 14490
Portland, Oregon 97293
      Attorney for plaintiff

Dwight C. Holton
United States Attorney
District of Oregon
Adrian L. Brown
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204

Jordan D. Goddard
Special Assistant U.S. Attorney
Assistant Regional Counsel
Office of General Counsel
Social Security Administration

PAGE 1 - OPINION AND ORDER

701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104
        Attorneys for defendant

AIKEN, Chief Judge:

        Plaintiff, Jeff Caldwell, brings this action pursuant to the
Social Security Act (the Act), 42 U.S.C. §§ 405(g), 1383(c)(3),
to obtain judicial review of a final decision of the
Commissioner.  The Commissioner denied plaintiff's applications
for Title II disability insurance benefits (DIB) and Title XVI
supplemental security income (SSI) disability benefits under the
Act.  For the reasons set forth below, the Commissioner's
decision is reversed and remanded for further proceedings.

## PROCEDURAL BACKGROUND

        On December 15, 2005, plaintiff protectively filed
applications for both DIB and SSI.  Tr. 10.  After the
applications were denied initially and upon reconsideration,
plaintiff timely requested a hearing before an administrative law
judge (ALJ).  Id.  On June 20, 2008, an ALJ hearing was held
before the Honorable Joel T. Elliott.  Tr. 10-17.  On July 17,
2008, ALJ Elliott issued a decision finding plaintiff not
disabled within the meaning of the Act.  Tr. 17.  On December 11,
209, the Appeals Council declined to review the ALJ's decision.
Plaintiff then filed a complaint in this Court.  Tr. 1-4.

## STATEMENT OF THE FACTS

        Born in 1955, plaintiff was 47 years old on the alleged
onset date of disability and 53 years old on the date of the
ALJ's decision.  Tr. 22, 101, 167.  Plaintiff attended high

school through the ninth grade. Tr. 22. Plaintiff has past relevant work experience as a kitchen helper, motel cleaner, cannery worker, landscape laborer, janitor, and as a worker of "odd jobs." Tr. 12-17. He alleges disability beginning November 15, 2002, due to memory loss, headaches, arthritis, back pain, and depression. Tr. 13, 82-92, 105.

## STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

PAGE 3 - OPINION AND ORDER

The Secretary has established a five-step sequential process for determining whether a person is disabled. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. First the Secretary determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. <u>Yuckert</u>, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." <u>Yuckert</u>, 482 U.S. at 140-41; <u>see</u> 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." <u>Id</u>.; <u>see</u> 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. <u>Yuckert</u>, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary. In step five, the Secretary must establish that the claimant can perform other work. <u>Yuckert</u>, 482 U.S. at 141-42; <u>see</u> 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) &

(f). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## DISCUSSION

### I. The ALJ's Findings

At step one of the five step sequential evaluation process outlined above, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 12, Finding 2. At step two, the ALJ found that plaintiff had the following severe impairments: mild degenerative disc disease in the lumbar spine; major depressive disorder, recurrent and mild; borderline intellectual functioning; and alcohol abuse. Tr. 12, Finding 3. At step three, the ALJ found that plaintiff's impairments, either singly or in combination, did not meet or equal the requirements of a listed impairment. Tr. 13, Finding 4.

The ALJ determined that plaintiff had the residual functional capacity (RFC) to perform light work. Tr. 14, Finding 5. Plaintiff was limited to "simple work, nothing complex, involving minimal interaction with the public." Tr. 14. At step four, the ALJ found that plaintiff was able to perform past relevant work as a motel cleaner and cannery worker. Tr. 16-17, Finding 6. Accordingly, at step 5, the ALJ found that plaintiff was not disabled. Tr. 17, Finding 7.

## II. Plaintiff's Allegations of Error

Plaintiff alleges that the ALJ erred in three ways: first, by denying his request for a physical consultive examination; second, by failing to provide clear and convincing reasons for finding his testimony not credible; and third, by improperly evaluating third-party statements.

### A. Plaintiff's Request for a Physical Consultive Exam

Plaintiff contends that the ALJ erred by refusing to request a physical consultive examination and by failing to re-contact his emergency room doctors for medical statements. Pl.'s Br. at pg. 6. Plaintiff argues that Dr. Richard Alley's report, in which he stated that the "medical evidence of record is insufficient," triggered the ALJ's duty to further develop the record. Tr. 166.

In Social Security cases, the ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). However, an ALJ's duty to develop the record is triggered only when there is "ambiguous evidence or when the record is insufficient to allow for proper evaluation of the evidence." Mayes v. Massanari, 276 F.3d 453, 459-460 (9th Cir. 2001).

When triggered, the ALJ may fulfill this duty to supplement the record by ordering a consultive examination. Reed v. Massanari, 270 F.3d 838, 841 (9th Cir. 2001); see also 20 C.F.R.

PAGE 6 - OPINION AND ORDER

Case 6:10-cv-00250-AA   Document 25   Filed 04/07/11   Page 7 of 14

§ 404.1519. Further, when medical reports lack statements about what a claimant can do despite his impairments, the ALJ may supplement the record by re-contacting the claimant's doctor for clarification. 20 C.F.R. § 416.912(e); 20 C.F.R. § 416.913(b)(6); see also SSR 96-5p. Conversely, where the ALJ's duty is not triggered, it is a claimant's duty to prove that he is disabled. See 42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require"); accord Reed, 270 F.3d at 841 ("the burden of demonstrating a disability lies with the claimant").

In this case, plaintiff alleges a number of physical complaints that are not corroborated by the record. Plaintiff's medical record is especially scarce after 2004. In a physical summary from January 18, 2006, Dr. Alley opined that plaintiff's medical record "appears to be insufficient from [the alleged onset date]," noting that the earliest medical records were from May 2003, and the latest medical records were from December 2004. At the hearing, plaintiff explained that the reason for the lack of medical evidence was that he could not afford treatment, and was unaware that free treatment may have been available. Tr. 31, 38. As such, plaintiff's counsel twice requested during the hearing that the ALJ order a consultive examination. Tr. 21, 43.

The ALJ's opinion did not address Dr. Alley's opinion regarding the insufficiency of the medical record. Further, the ALJ relied on plaintiff's lack of medical treatment as evidence

PAGE 7 - OPINION AND ORDER

that he was not disabled and denied plaintiff's request for a
consultive examination without providing a reason for doing so.

Regardless, the Commissioner argues that the ALJ
sufficiently developed the medical record.  The Commissioner,
relying on Osenbrook, asserts that "in evaluating medical
reports, the more recent reports carry more probative weight."
Def.'s Reply at pg. 12; see also Osenbrock v. Apfel, 240 F.3d
1157, 1165 (9th Cir. 2000).  Because Dr. Jensen opined in August
2006, two months after Dr. Alley, that the record was sufficient,
the Commissioner contends that the ALJ did not err.  Tr. 196.

However, Osenbrock only states that a "treating physician's
most recent medical reports are highly probative."  Osenbrock,
240 F.3d at 1165.  In this case, Dr. Jensen was not plaintiff's
treating physician; she merely performed a consultive exam.  Tr.
196.  Further, Dr. Jensen's report seems to be based primarily on
a mental evaluation, in which plaintiff self-reported daily
activities that reflected "being physically active."  Tr. 167-
176.  This was the only evidence reviewed by Dr. Jensen that was
not available during Dr. Alley's assessment.  Moreover, the only
evidence that Dr. Jensen appears to have relied upon in writing
her report are previous x-rays, which have no bearing on whether
plaintiff is impaired due to pain from arthritis and headaches.
Tr. 196.

Thus, I find legal error in the ALJ's failure to order a
physical consultive examination, or at least, to proffer an
explanation as to why plaintiff's request for an exam was not

granted. Accordingly, the ALJ's decision must be reversed.

B. Plaintiff's Testimony

Plaintiff alleges that the ALJ failed to provide clear and convincing reasons for rejecting his testimony regarding the extent of his impairments. Pl.'s Br. at pg. 15. When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ may reject [his] testimony regarding the severity of symptoms only if he makes specific findings stating clear and convincing reasons for doing so." Smolen v. Chater, 80 F.3d 1273, 1281-82 (9th Cir. 1996)(internal quotation omitted). If the "ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." Thomas v. Barnhart, 278 F.3d 947 (9th Cir. 2002). A general assertion that plaintiff is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993).

Here, the ALJ determined that plaintiff's medically determinable impairments could reasonably be expected to produce some degree of symptoms, but that his statements regarding the extent of these symptoms were not credible. Tr. 12-16. The ALJ gave five reasons explaining why plaintiff's testimony was rejected: his limited and sporadic work history; his lack of truthfulness regarding his alcohol abuse; his ceasing work for

PAGE 9 - OPINION AND ORDER

reasons other than his impairments; his activities of daily living; and his conservative and routine medical treatment. Tr. 15-16.

Notably, the ALJ found that plaintiff's testimony regarding his daily activities "suggest a level of functioning greater than what he has alleged." Tr. 16. Daily activities that are inconsistent with alleged symptoms are a relevant credibility consideration because they bear on the plaintiff's ability to tell the truth. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); see also Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 692 (9th Cir. 2009).

Plaintiff testified he "is able to complete household chores such as cooking, cleaning, washing dishes and laundry. . . use public transportation . . . [and] complete yard work such as mowing the lawn." Tr. 15-16. In addition, plaintiff admitted that he was employed for the majority of 2006, earning nearly $6000. Tr. 12, 26-29. Plaintiff stated that the reason for ceasing his employment in 2006 was not related to his alleged disabilities, but rather because he was unable to cooperate with his co-workers. Tr. 27-28. Further, plaintiff continues to perform "odd jobs" for cash, namely yard work and cleaning cars. Tr. 12.

The ALJ found that this evidence directly contradicted plaintiff's contentions about how debilitating his pain and other limitations were. Tr. 15. Accordingly, the ALJ found that these non-work activities reveal an ability to perform "simple work"

consistent with his past relevant work experience. Id. Thus, because plaintiff's level of activity is inconsistent with the degree of impairment that he alleges, the ALJ found plaintiff's testimony about the severity of his limitations not credible. Id.

The ALJ pointed to specific evidence in the record that undermines plaintiff's claims that his impairments were so great that he was unable to work. Therefore, I find that the ALJ provided at least one clear and convincing reason to reject plaintiff's subjective testimony regarding the extent of his limitations, and as such, it is unnecessary for this Court to further discuss the other reasons provided.

C. Third-Party Statements

Plaintiff also argues that the ALJ erred by not giving "specific, germane, and valid reasons" for rejecting the third-party statements. Pl.'s Br. at pg. 10. Plaintiff further contends that, because the ALJ failed to properly evaluate the lay testimony, appropriate limitations were not included in his RFC regarding his inability to concentrate and follow directions. Pl.'s Br. at pg. 14. Lay testimony regarding a claimant's symptoms or how an impairment affects ability to work "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determined to disregard such testimony and gives reasons germane to each witness for doing so." Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001). The reasons "germane to each witness" must be specific. Stout v. Comm'r, 454 F.3d

PAGE 11 - OPINION AND ORDER

1050, 1054 (9th Cir. 2006); see also 20 C.F.R. §§ 404.1513(d)(4), (e).

In rejecting lay testimony, the ALJ need not cite to the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision. Lewis, 236 at 512. However, the alleged bias as a family member is not a valid reason for rejecting lay testimony. Smolen, 80 F.3d at 1289. In order to discredit a third party statement because of "secondary gain" or bias, the ALJ must point to evidence that the third party exaggerated symptoms in order to procure benefits. Bruce v. Astrue, 557 F.3d 1113, 1116 (9th Cir. 2009).

Harmless error is only applied in Social Security cases when it is clear from the record that an ALJ's error was "inconsequential to the ultimate non-disability determination." Stout, 454 F.3d at 1055-56. The Ninth Circuit has never found harmless an "ALJ's silent disregard of lay testimony about how an impairment limits a claimant's ability to work." Id.

Here, the plaintiff's sister, Diane Hanson, testified that plaintiff was suffering from arthritis, and as a result, "there are so many times he's crippled up." Tr. 199. Ms. Hanson also explained that plaintiff has problems with concentration and short-term memory loss. Id. In addition, in a third-party function report, Alvin L. Bailey Jr., who has known plaintiff for 25 years, stated that he helps plaintiff for three to four hours

PAGE 12 - OPINION AND ORDER

per day with daily activities.  Tr. 12.  Mr. Bailey also stated that plaintiff had problems with memory, concentration, and attention span, and as such, must be reminded to take care of personal needs.  Tr. 113-17.

The ALJ failed to separately address the statements of Ms. Hanson and Mr. Bailey.  Tr. 16.  Instead, the ALJ dismissed the lay testimony because "[t]hese observations conflict with the claimant's activities of daily living and conservative treatment history," and "these parties have a personal relationship with the claimant and lack the expertise and possibly the motivation to offer an objective or functional assessment."  Id.  Because the ALJ failed to offer germane reasons specific to each witness for rejecting their third-party statements, and because the ALJ's decision wholly fails to mention how the lay testimony regarding plaintiff's impairments affect his ability to work, as reflected in the RFC, I find that the ALJ erred.

Where lay testimony is found credible, limitations discussed in that testimony must be included in hypothetical questions posed to vocational experts.  Bruce, 557 F.3d at 1116.  None of the hypothetical questions posed to the vocational expert at the hearing included the specific limitations testified to by Mr. Bailey or Ms. Hanson.  Tr. 41-44.  Had all the limitations discussed in both of the third-party statements been included in the RFC, the vocational expert's testimony would have been different and the ALJ's step four findings would likely have changed.  Therefore, the ALJ's error is not harmless.

PAGE 13 - OPINION AND ORDER

Accordingly, the ALJ's decision must be reversed.

When a decision denying disability benefits is reversed, an award of benefits may be directed "where the record has been fully developed and where further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292. That is not the case here. The record has not been fully developed. Further, there are clear conflicts between the lay testimony regarding plaintiff's limitations and the scarce medical evidence regarding plaintiff's ability to work. Further, the vocational expert was not consulted regarding the lay testimony when answering hypothetical questions regarding plaintiff's ability to work. As such, I remand for further development of the record, in accordance with Sections II(A) and II(C) of this opinion.

### CONCLUSION

The Commissioner's decision is not based on substantial evidence in the record and is therefore reversed and remanded for further development of the record as stated above.

IT IS SO ORDERED.

Dated this ____ day of April 2011.

Ann Aiken
United States District Judge